Sylvester **PAPALARDO** and **Patsy Lavelle, Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 12142.

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 1954.

Henry C. Lavine, Cleveland, Ohio, Simon L. Leis, Cincinnati, Ohio, for appellants.

Sumner Canary, Eben H. Cockley, Cleveland, Ohio, for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

## PER CURIAM.

This case has been duly heard and considered on the record and on the oral arguments and briefs of the attorneys:

From which it appears that there is substantial evidence to support the conviction of appellant Papalardo on the second, third and fourth counts of the indictment, charging separate substantive offenses in selling heroin in violation of the Anti-Narcotic Laws, 21 U.S. C.A. § 188c, of the United States. Each of the three counts charged unlawful sales of the prohibited drug on different dates; and there was evidence, substantial in character, to show that appellant was an aider and abettor in each of such sales, although he was not present in person when the heroin was sold or when it was delivered to the purchasers.

The point has been made and argued that there is double jeopardy involved in that the evidence upon which appellant was convicted in the first count of the indictment, charging conspiracy, was the same evidence upon which he was convicted in each of the three substantive counts, and that an aider and abettor is actually a conspirator.

Inasmuch as sentence on the first count—charging conspiracy—was pronounced by the district judge to run concurrently with that on the second count, the point becomes immaterial, even if correctly made, as no prejudice would result to appellant in view of the fact that he would serve no additional period of imprisonment should his conviction of conspiracy be upheld. We find substantial evidence to support his conviction on count two, charging a substantive offense. The sentences on counts three and four were pronounced to run consecutively to the sentence imposed on counts one and two, providing expressly a total term of imprisonment for fifteen years, which falls within the prescribed limits of the statute.

The judgments of conviction and sentence as to appellant Papalardo are, accordingly, affirmed.

Appellant Lavelle, convicted on all four counts of the indictment, was sentenced to serve four years on the first, or conspiracy, count and three years on each of the three substantive counts: all of which were to be served consecutively for a total of thirteen years. In our opinion, Lavelle was shown by substantial evidence to be

guilty on the conspiracy count and on each of the three substantive counts. The evidence upon which he was convicted of conspiracy did not rest alone upon the evidence of his personal participation in the respective sales of narcotics. Wherefore, the judgment of conviction and sentence in his case should be upheld; and the judgment as to him is, therefore, affirmed.